PHILIP G. BERNHARDT and Another, Respondents, v. MARIA WAGNER, Appellant.— Order modified by directing payment by plaintiffs of the costs of the action to the date of the order appealed from as a condition of permitting them to serve the amended complaint, and as so modified affirmed, without costs; the amended complaint to be served on defendant within ten days from the entry of the order herein. In our opinion, the court at Special Term improperly exercised its discretion in permitting the amendment without imposing terms. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

THE BROOKLYN NATIONAL BANK OF NEW YORK, Appellant, v. MAX KISS and Others, Respondents. (Action No. 3.) — Judgment reversed on the law and the facts and a new trial granted, costs to abide the event, on the authority of *Brooklyn National Bank of New York* v. *Schwartz, No. 1 (post, p. 632),* decided herewith. Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.

THE BROOKLYN NATIONAL BANK OF NEW YORK, Appellant, v. JULIUS SCHWARTZ, Defendant, and MAURICE REINITZ and Others, Respondents. (Action No. 1.) — Judgment dismissing the complaint reversed on the law and the facts and a new trial granted, costs to abide the event. The opening of counsel sufficiently indicated a purpose to adduce proof that the guaranty contained in the agreement sued upon was to be founded upon a single note for $30,000 in lieu of fifteen $2,500 notes simultaneously indorsed by the defendants; that the change in mechanics of carrying out the transaction in the manner involving the procuring of the loan was with the consent and acquiescence of these individual defendants, whose degree of responsibility was measured by Exhibit 2, annexed to the second amended complaint, and which provided for proportionate liability in the event of default in the payment by the maker of the notes. A trier of the fact might find that the obligation of these defendants was completely evidenced by what transpired on the occasion in question in connection with the $30,000 note discounted and the agreement sued upon, independently of the fifteen $2,500 notes which were indorsed by these defendants. Likewise, a trier of the fact might find that an obligation on the part of these defendants was thus established with the added evidencing of a corresponding obligation on the fifteen $2,500 notes deposited as collateral to the $30,000 note, with the obligations in respect of it measured by the agreement under seal of the individual defendants respecting the amount procured thereunder. If either or both of these views be accepted by the trier of the fact when the plaintiff has been afforded an opportunity to complete its proof, there would be no material deviation having the effect of discharging the individual defendants from their original obligation under the agreement. Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.